UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NATIONAL ENVIRONMENTAL SERVICES )
CORPORATION,                    )
                                )
            Plaintiff,          )
                                )
       vs.                      )       Case No. 4:06CV240-DJS
                                )
INSURANCE COMPANY OF THE STATE  )
OF PENNSYLVANIA and             )
MB ASSOCIATES LLC,              )
                                )
            Defendants.         )

<u>MEMORANDUM AND ORDER</u>

This action involves a complaint filed in interpleader seeking confirmation of an arbitration award. The matter currently before the Court is defendant MB Associates' ("MB") motion for judgment on the pleadings as to defendant Insurance Company of the State of Pennsylvania's ("ICSP") crossclaim. The matter has been fully briefed and is ready for disposition.

<u>BACKGROUND</u>

Upon review of all the parties' pleadings, the Court finds that the following material facts are not in dispute. The matters currently before the Court relate to construction services provided for the St. Louis Housing Authority ("SLHA"). The SLHA employed plaintiff National Environmental Services Corporation ("NESC") to serve as general contractor for the demolition of the Darst-Webbe Housing Project (the "Project"). Subsequently, NESC subcontracted some of the work for the Project to SPIRCO Services, Inc. ("SPIRCO").

On or about July 10, 1997, NESC applied to defendant ICSP for a payment and performance bond on the Project. At the time of its application, NESC executed a General Indemnity Agreement in favor of ICSP, for all bonds provided by ICSP as surety on the Project. On or about November 30, 1998, ICSP, as surety, issued a performance and payment bond in favor of SLHA for the Project, with NESC as principal ("Project Bond").

On or about January 28, 2000, SPIRCO presented to ICSP a claim against the Project Bond in the amount of $512,794.61 — later amended to at least $618,979.18 — for work performed by SPIRCO for which NESC allegedly failed to pay ("SPIRCO Claim"). On November 6, 2002, SPIRCO assigned the SPIRCO Claim to Midwest BankCentre, and on November 5, 2004, Midwest BankCentre assigned the SPIRCO Claim to MB.[1]

On or about November 5, 2004, MB, as an assignee of SPIRCO, filed a demand with the American Arbitration Association for arbitration of the SPIRCO Claim against NESC. The arbitration concluded with an award on December 22, 2005, in favor of MB and against NESC, in the amount of $209,412.39.[2] The award specifically denied MB's claim for prejudgment interest and attorney's fees and costs.

---

[1]ICSP disputes the validity of these assignments. Specifically, ICSP states that SPIRCO (1) fraudulently assigned the SPIRCO Claim to hinder its creditors, and (2) the assignments contravened an applicable anti-assignment clause in the contract between SLHA and NESC.

[2]ICSP did not participate in these arbitration proceedings.

NESC pleads in its complaint that, following the arbitration, it requested that MB execute a release and indemnification in NESC's favor upon NESC's satisfaction of the award. On or about January 11, 2006, MB rejected NESC's offer of release and indemnification.

In its complaint, NESC alleges that, through a letter dated February 14, 2006, ICSP made a claim on the arbitration award, demanding that NESC pay over to ICSP the $209,412.39 to set-off a separate debt SPIRCO owed to ICSP.[3] Faced with what it believed to be competing claims on the funds awarded in the arbitration, NESC filed the instant complaint in interpleader on February 21, 2006, and shortly thereafter deposited the full amount of the arbitration award with the Registry of the Court.

---

[3]On or about March 18, 1997, ICSP issued, on account of SPIRCO as principal, a performance bond with respect to a project — owned by Wellsford Commercial Properties ("Wellsford") — known as the American Cyanamid Asbestos Abatement Project. SPIRCO and ICSP also entered into two other contracts, the first in July 1995 and the second in November 1997, captioned "General Agreements of Indemnity," in favor of ICSP for all bonds provided by ICSP as surety for SPIRCO. A claim was made on the American Cyanamid bond by Wellsford, and on or about July 28, 1998, ICSP demanded that SPIRCO indemnify it as to all liability, loss, costs, expenses, and attorney's fees which it might incur on account of the claim made on the American Cyanamid bond. An arbitration proceeding on the American Cyanamid claim commenced in September 1998, and eventually resulted in a finding of no liability for SPIRCO and for ICSP. However, in defending itself, ICSP incurred attorney's fees, expenses, and costs amounting to $799,476.07. SPIRCO refused ICSP's request that SPIRCO reimburse it for those expenditures, and on December 10, 2004, SPIRCO filed a declaratory action in the Circuit Court of St. Louis County against ICSP, asking that court to determine that SPIRCO was not liable to ICSP on its claim for reimbursement. ICSP removed the action to this Court, and by two memoranda and orders — the first entered on May 9, 2006, and the second entered on January 5, 2007 — Magistrate Judge David D. Noce granted summary judgment in favor of ICSP, and ordered SPIRCO to pay to ICSP the sum of $794,964.38 plus interest. [See Spirtas Company et al. v. Insurance Company of the State of Pennsylvania, Cause No. 4:05CV100-DDN, Doc. Nos. 91–92, 132–33; see also Spirtas Co. v. Ins. Co. of the State of Penn., 2007 WL 45841 (E.D. Mo. January 5, 2007)].

On May 22, 2006, ICSP filed a counterclaim against NESC seeking a judgment: (1) declaring its interest in the arbitration award to be superior to all other claims; and (2) against NESC for all expenditures and outlays made by ICSP on account of the Project and the Project Bond.  Further, on May 22, 2006, ICSP filed a crossclaim against MB asserting: (1) a claim of set-off with regard to the arbitration award; (2) a claim of unjust enrichment against MB as to the arbitration award; (3) a claim for imposition of a constructive trust on the arbitration award; (4) a claim for attachment against MB with regard to the arbitration award; and (5) a claim of exoneration and quia timet relief with regard to the arbitration award.  On all of its crossclaim counts, ICSP seeks a judgment awarding it the $209,412.39 NESC has deposited with the Registry of the Court.

NESC filed a motion for judgment on the pleadings on November 20, 2006, claiming it is entitled to judgment on the pleadings as to the appropriateness of its interpleader action and as to both counts of its complaint.  On March 28, 2007, NESC filed a motion for summary judgment on ICSP's counterclaim.  Also on March 28, 2007, ICSP filed a motion for summary judgment on the issue of its interest in the arbitration award.  On August 30, 2007, MB filed a motion for judgment on the pleadings as to all counts of ICSP's crossclaim.

On September 17, 2007, the Court issued an order: (1) granting NESC's motion for judgment on the pleadings with respect to Count I of the complaint for confirmation of the arbitration

award as full and final judgment of all claims submitted to arbitration against NESC; (2) granting NESC's motion for judgment on the pleadings with respect to its request for approval of the interpleader action;(3) granting NESC's motion for judgment on the pleadings with respect to its request for denial of post-award, pre-judgment interest; (4) granting summary judgment in NESC's favor as to all counts of defendant ICSP's counterclaim; and (5) denying ICSP's motion for summary judgment on its crossclaim against MB. Specifically, the Court confirmed the arbitration award between NESC and MB, and stated the following:

> [T]he Court finds against ICSP with regard to its claim to the arbitration proceeds....
> NESC, by depositing the full amount of the arbitration award with the Registry of the Court, has effected a full settlement of all claims submitted to arbitration....Further, the Court finds that this determination necessarily embraces the conclusion that MB may not pursue any portion of the SPIRCO Claim denied in arbitration with NESC against ICSP, because — as surety — ICSP's liability is co-extensive with that of its principal, NESC....
> [B]ecause ICSP currently owes no debt to any of the other parties involved in this matter, and...has no remaining liability to MB for the SPIRCO Claim, it cannot establish the mutuality necessary for a set-off....[Further,] ICSP currently has no equitable rights under the theory of subrogation.

Doc. # 83, pp. 10–21. The Court's September 17, 2007, order did not address MB's motion for judgment on the pleadings.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure permits any party to move for judgment on the pleadings any time "[a]fter the pleadings are closed . . . ." Fed.R.Civ.P. 12(c). A

motion for judgment on the pleadings is appropriate in situations "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." <u>Syverson v. FirePond, Inc.</u>, 383 F.3d 745, 749 (8th Cir. 2004) (citing <u>Faibish v. Univ. of Minn.</u>, 304 F.3d 797, 803 (8th Cir. 2002)).  In considering a motion for judgment on the pleadings, the Court must "accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party."  <u>Potthoff v. Morin</u>, 245 F.3d 710, 715 (8th Cir. 2001).  Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may consider some materials that are part of the public record or those that are necessarily embraced by the pleadings.  <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999); <u>see also</u> 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 2d</u> § 1357, at 299 (1990) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint").

**DISCUSSION**

The merits of the claims made by ICSP in Counts I (a claim of set-off with regard to the arbitration award) and V (a claim of exoneration and quia timet relief with regard to the arbitration award) of its crossclaim have already been considered and rejected by the Court in its September 17, 2007, order. Accordingly, for the reasons stated in that order, MB will be granted judgment on the pleadings with regard to Counts I and V.

The Court finds that Counts II (a claim of unjust enrichment against MB as to the arbitration award), III (a claim for imposition of a constructive trust on the arbitration award), and IV (a claim for attachment against MB with regard to the arbitration award) are all premised on the allegedly fraudulent and invalid assignments of the SPIRCO Claim. That is, Counts II, III, and IV argue that SPIRCO assigned its claim (1) to hinder or delay its creditors, and (2) in spite of an applicable anti-assignment clause, and consequently MB had no authority to arbitrate the SPIRCO Claim. As such, whereas Counts I and V state claims that do not implicate the validity of the arbitration award in and of itself (but rather assert external grounds to demonstrate why ICSP should be awarded the interpleader funds), Counts II, III, and IV are claims that question the explicit award of the arbitrator.

Judicial review of a final decision of an arbitrator is extremely narrow, and courts must accord "an extraordinary level of deference" to the award itself. <u>Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471</u>, 80 F.3d 284, 287 (8th Cir. 1996). That is, a court must confirm an award "even if [it is] convinced that the arbitrator committed serious error, so long as the arbitrator is...acting within the scope of [her] authority." <u>Boise Cascade Corp. v. Paper Allied-Indus., Chemical and Energy Workers, Local 7-0159</u>, 309 F.3d 1075, 1080 (8th Cir. 2002) (citations omitted). In particular, review of an arbitration award is confined to the grounds specified in the Federal Arbitration Act ("FAA") or when the award is the product of a "manifest disregard"

of applicable law. See 9 U.S.C. § 10; Lincoln Nat'l Life Ins. Co. v. Payne, 374 F.3d 672, 674 (8th Cir. 2004). However, the FAA specifically provides that a court may vacate or modify an award "upon the application of any party to the arbitration." 9 U.S.C. § 10(a) (emphasis added). Consequently, a person not party to an arbitration generally has no standing to move to vacate or modify an award. See Dundas Shipping & Trade Co. v. Stravelakis Bros., 508 F. Supp. 1000, 1003 (S.D.N.Y. 1981) ("Since [the movant] was not a party to the arbitration, it has no standing to move to vacate the award.").

The award in this case is captioned "In the Matter of the Arbitration between MB Associates, LLC, Assignee of Claim on behalf of SPIRCO Services, Inc., and National Environmental Services Corporation." It is clear from the face of the award that ICSP was not a party to the arbitration.[4] Further, it is clear from the face of the award that the arbitrator was aware of MB's status as an assignee of the SPIRCO Claim.

As a non-party to the arbitration, ICSP has no standing to come before this Court and object to MB's ability to arbitrate the SPIRCO Claim. Further, the arbitration award, on its face, evidences sufficient consideration of the validity of the assignments. That is, even if the arbitrator acted in error, the Court finds that the arbitrator's award lies within the scope of her authority. Finally, the award unambiguously states that "Respondent [NESC] shall pay to Claimant [MB] the sum of Two

---

[4]Indeed, this fact is not contested.

Hundred Nine Thousand Four Hundred Twelve and 39/100 Dollars ($209,412.39)." The Court will grant the award the deference it is due.

## CONCLUSION

Although postured as a crossclaim for interpleader relief, the Court finds Counts II, III, and IV of ICSP's crossclaim ask this Court to modify or vacate the terms of an existing arbitration award. The Court finds that ICSP has no standing to bring such claims; that the arbitrator acted within the scope of her authority when she awarded MB, as assignee of the SPIRCO Claim, monetary relief; and that the award should be given significant deference. Accordingly, the Court will grant MB's motion for judgment on the pleadings as to ICSP's crossclaim.

Having previously granted judgment in NESC's favor on ICSP's counterclaim, and now in MB's favor on ICSP's crossclaim, it appears that all issues for trial have been adjudicated and the Court is able to enter judgment against ICSP on its counterclaim and crossclaim. All that remains is for MB to make an appropriate motion for judgment as to NESC's initial complaint, so that the Court is enabled to enter a judgment on the interpleader action effecting the appropriate disposition of the stake now on deposit with the Court.

**IT IS HEREBY ORDERED** that MB Associates' motion for judgment on the pleadings [Doc. #80] is granted.

**IT IS FURTHER ORDERED** that ICSP's motion to strike MB's motion for judgment on the pleadings [Doc. #85] is denied.

**IT IS FURTHER ORDERED** that on the Court's own motion the trial setting in this case is continued to February 19, 2008.

Dated this ___6th___ day of <u>November</u>, 2007.

<u>/s/Donald J. Stohr</u>
UNITED STATES DISTRICT JUDGE